IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COMBS, | ) No. C 06-0186 MMC (PR) |
| Petitioner, | ) **ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| TOM L. CAREY, | |
| Respondent. | ) **(Docket No. 6)** |

On January 11, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On that same date, petitioner applied for leave to proceed in forma pauperis.[1]

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate where the allegations in the petition are

---

[1] Thereafter, petitioner was granted several extensions for the purpose of supporting his application, which is now complete.

vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

In the portion of the court's form petition in which the petitioner is to set forth the claims he/she wishes to present, petitioner herein simply states: "Please see Petition, Exhibit A, Memorandum of Points and Authorities."  Exhibit A contains no document by such name.  In a document within Exhibit A, titled "Petitioner's Opening Brief," however, petitioner claims the trial court abused its discretion in denying petitioner's motion to withdraw his guilty plea based on ineffective assistance of counsel.  In that claim, petitioner cites both the Sixth Amendment and state law.  Although it appears petitioner may wish to assert a Sixth Amendment claim herein, petitioner has not clearly indicated his intention to do so.  Accordingly, petitioner will be given leave to file an amended petition in which he clearly sets forth, in the space provided on the form petition, the claim(s) he wishes to raise herein.  Once petitioner has clearly identified the claim(s) in the form petition, he may use attachments to provide any further explanation of the claim(s).  Failure to so amend the petition will result in the dismissal of this action, as set forth below.

In light of the foregoing, the Court orders as follows:

1. The petition is DISMISSED WITH LEAVE TO AMEND.  If petitioner wishes to amend the petition, he must file, within **thirty (30) days** of the date this order is filed, an amended petition in which he corrects the deficiencies noted above.  The amended petition must include the caption and civil case number used in this order, No. C 06-0186 MMC (PR), and must include the words AMENDED PETITION on the first page.

2. **If petitioner fails to timely amend the petition as ordered herein, this action will be dismissed.**

3. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or Local Rule 3-11.

1    4.    In light of petitioner's lack of funds, the application to proceed in forma
2 pauperis is GRANTED.
3    This order terminates Docket No. 6.
4    IT IS SO ORDERED.
5 DATED:   May 30, 2006

_____
MAXINE M. CHESNEY
United States District Judge