IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID COMBS, | ) | No. C 06-0186 MMC (PR) |
| Petitioner, | ) | **ORDER TO SHOW CAUSE** |
| v. | ) | |
| TOM L. CAREY, | ) | |
| Respondent. | ) | |
| _____ | ) | |

On January 11, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 30, 2006, the petition was dismissed with leave to amend. On June 29, 2006, petitioner timely filed an amended petition.

**BACKGROUND**

In 2003, in the Superior Court of Santa Clara County, petitioner was sentenced to a term of 23 years and four months in state prison, following his conviction on charges of false imprisonment, inflicting corporal punishment, assault with a deadly weapon, and burglary. The California Court of Appeal affirmed, and the California Supreme Court denied a petition for a writ of habeas corpus in which petitioner assertedly raised the claims raised herein.

**DISCUSSION**

A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claims

Petitioner claims: (1) he was deprived of this Sixth Amendment right to the effective assistance of counsel when the trial court denied a defense motion to continue the trial, which led counsel to "misadvise" petitioner to plead guilty plea rather than proceed to a trial for which defense counsel was not prepared; (2) the trial court "abused its discretion" and violated petitioner's "constitutional right to a trial" in denying petitioner's motion to continue; and (3) the trial court abused its discretion and violated petitioner's constitutional right to effective assistance of counsel and to a trial when it denied petitioner's motion to withdraw his guilty plea.

Petitioner's claims, when liberally construed, are cognizable.

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.   The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2.   Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within 90 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

IT IS SO ORDERED.

DATED: December 11, 2006

MAXINE M. CHESNEY
United States District Judge

3