IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID COMBS, | ) | No. C 06-0186 MMC (PR) |
|            Petitioner, | )<br>) | **ORDER DENYING MOTION TO DISMISS; SETTING BRIEFING SCHEDULE** |
|   v. | )<br>) | |
| TOM L. CAREY, Warden, | ) | **(Docket No. 13)** |
|            Respondent. | ) | |
| _____ | ) | |

      On January 11, 2006, petitioner, a California prisoner incarcerated at Solano State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 30, 2006, the petition was dismissed with leave to amend. On June 29, 2006, petitioner filed an amended petition. On December 11, 2006, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition on the ground that the petition is barred by the applicable one-year statute of limitations. See 28 U.S.C. § 2244(d). Petitioner has filed an opposition, and respondent has filed a reply.

**BACKGROUND**

      On March 26, 2002, petitioner pleaded no contest, in Santa Clara County Superior Court, to charges of inflicting corporal punishment, false imprisonment, first degree burglary, making criminal threats, and assault with a deadly weapon. He also admitted a prior "strike"

conviction under California's Three Strikes Law, a prior serious felony conviction, and that he had served a prior prison term. He was sentenced to a term of twenty-three years and four months in state prison.

On April 21, 2003, petitioner filed a direct state appeal in the California Court of Appeal. On December 9, 2003, the California Court of Appeal affirmed the judgment of conviction. Petitioner did not file a petition for review in the California Supreme Court.

On January 7, 2005, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. On December 14, 2005, the California Supreme Court denied the petition.

On January 11, 2006, petitioner's original petition in the instant action was filed in the district court; petitioner's amended petition was filed on June 29, 2006.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

Respondent moves to dismiss the petition as untimely on the ground that, even when the applicable statutory tolling is applied, the petition was not filed until more than one year after petitioner's state court judgment became final. In support of the motion, respondent presents the following argument and evidence.

Where, as here, a petitioner does not seek direct review of the intermediate state

---

[1] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See 28 U.S.C. § 2244(d)(1)(B)-(D).

2

appellate court's opinion, the limitation period will begin running the day after the date on which the time to seek such review expired which, in California, is forty days after the Court of Appeal filed its opinion. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a).  Here, the California Court of Appeal affirmed the judgment on December 9, 2003; consequently, the judgment became final forty days later on January 18, 2004, and the limitation period commenced on January 19, 2004.[2]

The limitation period is not tolled during the time between the date on which a final decision is issued on direct appeal and the date on which the first state collateral challenge is filed, because there is no state case pending during that interval.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Thus, in the instant case, the limitation period was not tolled between January 19, 2004, the date on which the limitation period commenced, and January 7, 2005, the date on which petitioner filed his state habeas petition in the California Supreme Court.  Consequently, by the time petitioner filed his state habeas petition in the California Supreme Court, 354 days of the 365-day limitation period had elapsed.

The limitation period was tolled between January 7, 2005, the date petitioner's state habeas petition was filed in the California Supreme Court, and December 14, 2005, the date the California Supreme Court denied the petition.  See 28 U.S.C. § 2244(d)(2); Nino, 183 F.3d at 1006.  As the denial of a state habeas petition by the California Supreme Court is final immediately, see Cal. R. Ct. Rule 8.532(b)(3)(C), the tolling period ended on December 14, 2005, and the limitation period began to run again on December 15, 2005.

The limitation period is not tolled for the period between the date on which the state court judgment becomes final and the date on which a federal habeas corpus petition is filed. See Nino, 183 F.3d at 1007.  Thus, in the instant case, the limitation period was not tolled

---

[2] The one-year period is calculated according to the general rule for counting time in federal courts, Rule 6(a) of the Federal Rules of Civil Procedure.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  That is, "the day of the act, event, or default from which the designated period of time begins to run shall not be included" in the one-year limitation period.  Fed. R. Civ. P. 6(a).

3

between December 15, 2005 and January 11, 2006, the date on which petitioner's original federal habeas corpus petition was filed; consequently, another twenty-seven days of the 365-day limitation period elapsed during that time.

Adding 354 days, the period that elapsed before petitioner filed his first state habeas petition, to twenty-seven days, the period that elapsed after petitioner's state habeas petition was denied, a total of 381 days passed from the time the limitation period commenced until petitioner filed the instant petition. Accordingly, the petition was filed sixteen days in excess of the one-year limitation period.

In opposition to respondent's motion to dismiss, petitioner argues the petition is timely because under the prison "mailbox rule" the dates on which he filed his state habeas petition and the original habeas petition in the instant matter are earlier than the dates on which respondent relies. Under the mailbox rule, a pro se prisoner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing to the court, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). For the purposes of calculating the AEDPA limitation period, the mailbox rule applies to the filing of both federal and state habeas petitions. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding pro se prisoner's federal habeas petition deemed filed when prisoner delivers petition to prison authorities for mailing); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (holding one-year limitation period tolled as of date prisoner delivers state habeas petition to prison authorities for mailing). To benefit from the mailbox rule, a prisoner must meet two requirements: (1) he must be proceeding without assistance of counsel, and (2) he must deliver his filing to prison authorities for forwarding to the court. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

Petitioner claims that, under the mailbox rule, he filed his state habeas petition by delivering it to prison authorities for mailing on January 4, 2005, and not on January 7, 2005, as respondent asserts, and that he filed the original petition in the instant matter by delivering it to prison authorities for mailing on December 23, 2005, and not on January 11, 2006, as

4

respondent asserts.  Petitioner thus argues that his federal habeas petition is timely because only 360 days of the limitation period had expired when the instant petition was filed.

In support of such argument, petitioner offers the "Declarations of Service by Mail" attached to each of the above-referenced petitions.  Both declarations are signed under penalty of perjury by Marcos Rogelio Juarez, apparently an inmate incarcerated at Solano State Prison.  Petitioner argues said declarations verify the dates on which the petitions were delivered to prison authorities for mailing.

In the declaration attached to petitioner's state habeas petition, Juarez declares:

> On January 4, 2005, I served the foregoing Petition for Writ of Habeas Corpus and Exhibits affixed thereto, on the Supreme Court named below, by placing the original and four true copies thereof, in a sealed envelope with postage fully paid thereon, and delivering said envelope and above-described legal papers to a duly authorized California Corrections Official, as provided and so prescribed for the deposit of legal mail in the United States Mail at Solano State Prison.

(Opp. Ex. A.)

Similarly, in the declaration attached to petitioner's federal habeas petition, Juarez declares:

> On December 23, 2005, I served the foregoing Petition for Writ of Habeas Corpus, Brief and Exhibits In Support Thereof, on the Northern District Court name[d] below, by placing the original and one true and correct copy thereof, in a sealed envelope with postage fully paid thereon, and delivering said envelope and above-described legal papers to a duly authorized California Corrections Officer, as prescribed and so provided for the deposit of legal mail in the United States Mail at Solano State Prison.

(Pet. "Declaration of Service by Mail.")

When a pro se petitioner produces evidence that he timely complied with a procedural deadline by submitting a document to prison authorities, the burden shifts to the opposing party to produce sufficient evidence in support of a contrary factual finding.  <u>Caldwell v. Amend</u>, 30 F.3d 1199, 1202 (9th Cir. 1994).  Here, in opposition to petitioner's evidence with respect to the dates on which he delivered his petitions to prison authorities for mailing, respondent has produced the "Outgoing" prison mail log from Solano State Prison, which, respondent contends, shows the actual dates on which outgoing mail from petitioner was delivered to prison authorities.  (Reply at 3 & Ex. D.)  According to respondent, the mail log

5

shows that petitioner's state habeas petition was delivered to prison authorities on January 6, 2005, and that petitioner's federal habeas petition was delivered to prison authorities on January 3, 2006. (Reply at 3 & Ex. D at 2.)

Respondent's evidentiary submission is deficient in several respects, however. First, the "mail log" is unauthenticated and is unaccompanied by a declaration attesting to the fact that said document reflects the dates on which petitioner's documents were delivered to prison authorities. The first page of the exhibit is a copy of a facsimile ("fax") dated July 10, 2007, that apparently was sent for purposes of the instant litigation by Tonia Lewis ("Lewis") the Litigation Coordinator at Solano State Prison, to Kelly Croxton, the Deputy Attorney General who represents respondent in the instant action. In the fax, Lewis writes the following:

> Kelly, attached is the "Outgoing" legal mail log for inmate Combs T-72358. As I explained, the only way they could print it was without the "Outgoing" title on top, although it is fairly clear since an addressee is listed that it would be Outgoing Mail. Tonia.

(Reply Ex. D at 1.)

Attached to the fax is an untitled document, several pages in length, that lists four categories of information in columns titled, respectively, "Date," "A," "CDC," and "Addressee." In the first category are dates, in the second category is the name "Combs," in the third category is petitioner's inmate identification number, and in the fourth category is the name of an addressee. Nowhere in the document, however, is there information identifying the nature of the event reflected in the "Date" category. In other words, assuming, as Lewis indicates in her fax, the document pertains to petitioner's outgoing mail, there is no evidence or even indication that the "Date" category reflects the date on which such outgoing mail was *delivered to* prison authorities, rather than some other date, such as the date on which the mail was logged or was sent out by prison authorities.

This lack of clarity is reflected in other evidence in the record. For example, while the mail log shows a date of January 3, 2006 for a document arguably corresponding to the

6

1 instant petition,³ (Ex. D at 2), the back of the envelope in which the instant petition was
2 received by the Clerk of the Court bears a correctional officer's signature dated January 1,
3 2006 (Docket No. 1). Similarly, while the mail log shows a date of June 28, 2006, in
4 connection with another document mailed by petitioner to this Court, (Ex. D at 3), the only
5 envelope received by the Clerk in proximity to that date bears a correctional officer's
6 signature dated June 26, 2006 (Docket No. 11). Further, while the mail log shows a date of
7 May 4, 2007, in connection with a third document mailed by petitioner to this Court, (Ex. D
8 at 3), the only envelope received by the Clerk in proximity to that date bears a correctional
9 officer's signature dated May 3, 2007 (Docket No. 16). In sum, there is at least some
10 evidence in the record indicating petitioner's documents were delivered to prison authorities
11 prior to the dates reflected in the outgoing mail log and, therefore, that the "Date" column in
12 the mail log does not reflect the delivery date but rather some other date, such as the date on
13 which prison authorities logged the documents or mailed them.⁴

14 Based on the above deficiencies in the evidence submitted by respondent, the Court
15 finds respondent has not met his burden of producing sufficient evidence to rebut petitioner's
16 evidence that the petition is timely. Cf. Holmes v. Newland, No. C 97-3563 TEH PR, 1998
17 WL 730884, *2 (N.D. Cal. Oct. 13, 1998) (finding respondent submitted sufficient evidence
18 to rebut petitioner's allegations he handed documents to prison officials for mailing in timely
19 manner where respondent submitted prison's Institution Operation Plan setting forth
20 procedures for processing inmate mail and logs showing dates on which petitioner's legal
21 mail was actually processed by mailroom). Accordingly, as defendants have failed to
22 adequately rebut petitioner's evidence that his state and federal habeas petitions were
23 delivered to prison authorities on the dates set forth in the declarations submitted by

---

³The nature of mailings in the mail log are not specified therein.

⁴The Court notes that if the instant petition was delivered to prison authorities on January 1, 2006 (the date on the back of the envelope) rather than on January 3, 2006 (the date in the mail log), the petition nonetheless would be untimely. Based on the evidence presented, however, the Court is unable to make a finding that the date on the back of the envelope does in fact reflect the date the petition was delivered to prison authorities.

7

petitioner, and because those dates would make the filing of the instant petition timely, the motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss the petition as untimely is hereby DENIED. (Docket No. 13.)

2. Within **sixty (60)** days of the date this order is filed, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims as set forth in the Order to Show Cause. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within **sixty (60)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 13.

IT IS SO ORDERED.

DATED: March 20, 2008

MAXINE M. CHESNEY
United States District Judge