IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COMBS, | No. C 06-0186 MMC (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| TOM L. CAREY, Warden, | |
| Respondent. | |

On January 11, 2006, petitioner David Combs, a California state prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of his no contest plea.[1] In response to the Court's order directing respondent to show cause as to why relief should not be granted, respondent has filed an answer, and petitioner has filed a traverse. Having reviewed the briefs and the underlying record, the Court concludes that petitioner is not entitled to relief based on the claims presented and, accordingly, will deny the petition.

**BACKGROUND**

In 2001, the Santa Clara County prosecutor charged petitioner with three counts of inflicting corporal punishment on a former cohabitant (Cal. Pen. Code § 273.5(a)), two counts of false imprisonment (id. §§ 236-237), one count of first degree burglary (id. §§ 459-460(a)), one count of

---

[1] On June 29, 2006, petitioner filed an Amended Petition, which constitutes the operative pleading herein.

1 making criminal threats (id. § 422), and one count of assault with a deadly weapon (id. § 245(a)(1)),
2 all arising from multiple assaults committed upon petitioner's former girlfriend. (Ans. Ex. C (People
3 v. Combs, No. H025184 (Cal. Ct. App. Dec. 10, 2003) at 2-3.) The information also alleged that in
4 the commission of the assault, petitioner used a deadly weapon (Cal. Pen. Code § 12022 (b)(1)), and
5 further that he had suffered one prior "strike" conviction under California's "Three Strikes Law" (id.
6 § 667(b)-(i)) and one prior serious felony conviction (id. § 667(a)), and had served one prior prison
7 term (id. § 667.5(b)). (Ans. Ex. C at 3.)

8 On the day of trial, trial counsel, Patricia Fox ("Fox"), asked for a continuance, stating that
9 she needed to review emails petitioner and the victim had sent to each other, as well as their
10 telephone records, and that she also needed to analyze photographs of the victim's injuries and to
11 subpoena additional witnesses. (Id. at 3.) The prosecutor opposed the motion, noting the emails
12 were not relevant, the telephone records were "no surprise," and the photographs were undated.
13 (Id.)[2] The trial court denied the motion and ordered the trial to proceed. (Id.)

14 The following day, petitioner entered a plea of no contest to all counts and admitted the four
15 enhancements. (Id.) At the time of petitioner's plea hearing, Fox advised the trial court that she had
16 discussed the case with petitioner, and had advised him of the possible defenses and the
17 consequences of his plea. (Id.) Consistent therewith, petitioner stated that he had had adequate time
18 to talk to trial counsel, and that he understood the charges against him and the defenses he could
19 raise at trial. (Id.) Additionally, when the trial court inquired whether petitioner was "pleading no
20 contest freely and voluntarily," petitioner responded in the affirmative. (Id. at 4, Ans. Ex. B
21 (Reporter's Transcript of Change of Plea Hearing, 3/26/02) at 9.)

22 A few weeks after petitioner entered his plea, Fox moved to withdraw as attorney of record,
23 and new defense counsel was appointed. (Ans. Ex. C at 4.) Several weeks thereafter, petitioner
24 moved to withdraw his plea of no contest, on the ground that Fox had rendered ineffective
25 assistance. (Id.) During the hearing on petitioner's motion, Fox testified that she had been

26

27  [2] With respect to counsel's asserted need to subpoena additional witnesses, the prosecutor, at a later stage of the proceedings, also pointed out that Fox had identified only one such witness and
28  had made no showing as to the relevance of any additional witnesses' testimony. (See Ans. Ex. A Vol. 2 (Opposition to Motion to Withdraw Plea) at 166.)

2

unprepared for trial and thus counseled petitioner to plead no contest. (Id.) The trial court denied the motion, citing petitioner's repeated assurances, at the time of the plea, that his decision to plead no contest was made knowingly and voluntarily. (Id.)

Several months later, petitioner moved to strike his prior serious felony conviction,[3] and renewed his motion to withdraw his plea. (Id.) With respect to the motion to strike, petitioner argued the prior conviction was based on an old offense, a 1993 robbery of a convenience store, and that no one was hurt. (Ans. Ex. A ("Romero" Motion) at 253-54.) After considering both the written briefing and the arguments of counsel, the trial court denied the motion. (Ans. Ex. B (Reporter's Transcript of Change of Plea Hearing, 3/26/02) at 32.) With respect to petitioner's renewed motion to withdraw his plea, the trial court found Fox had made a "sound tactical decision" when she advised petitioner to plead no contest, and that Fox's asserted reason for her recommendation, that she was unprepared, was "just not credible given the facts and the context in which she offered it." (Ans. Ex. C at 4.)

In 2002, the Santa Clara Superior Court sentenced petitioner to a total term of twenty-three years and four months in state prison. (Id. at 5.) Petitioner appealed, (id.), and the California Court of Appeal for the Sixth Appellate District affirmed the judgment in 2003, (id. at 8). Thereafter, petitioner filed a habeas petition in the California Supreme Court, which petition was denied in 2005. In 2006, petitioner filed his federal habeas petition.

As grounds for federal habeas relief, petitioner alleges that (1) he was deprived of his Sixth Amendment right to the effective assistance of counsel when the trial court denied a defense motion to continue the trial, which led counsel to "misadvise" petitioner to plead no contest rather than proceed to a trial for which defense counsel was not prepared; (2) the trial court "abused its discretion" and violated petitioner's "constitutional right to a trial" in denying petitioner's motion to continue; and (3) the trial court abused its discretion and violated petitioner's constitutional right to effective assistance of counsel and to a trial when it denied petitioner's motion to withdraw his guilty plea. (Order to Show Cause at 2.)

---

[3] The motion, known as a "Romero motion," was brought under People v. Superior Court (Romero), 13 Cal. 4th 497, 504 (1996).

3

For the reasons set forth below, the Court will deny each of petitioner's claims.

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 796 (2001).

The state court decision to which 2254(d) applies is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to have considered the petitioner's claims, the district court looks to the last reasoned state court opinion, which, in this case, is the California Court of Appeal's opinion affirming the trial court's judgment. (Ans Ex. C); See Nunnemaker, 501 U.S. at 801-06; Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

B.  Petitioner's Claims

    1.  Ineffective Assistance of Counsel

Petitioner claims Fox rendered ineffective assistance when she advised petitioner to plead no contest. (Am. Pet. at 6.) In particular, petitioner alleges that Fox was unprepared to go to trial, that

1 Fox first advised him to plead on the day of trial, that he had last seen Fox four weeks before trial,
2 that Fox herself stated that her proceeding as trial counsel would violate petitioner's Sixth
3 Amendment rights. (Id. at 6, 6a).

4     The California Court of Appeal denied petitioner's ineffective assistance claim, finding
5 Fox's decision to advise petitioner to plead no contest was an "informed tactical choice that a
6 reasonably competent attorney might make." (Ans. Ex. C at 6.) The Court of Appeal further found
7 that Fox was sufficiently prepared for trial, as indicated by her familiarity with "the case's operative
8 facts, charges, witnesses, and relevant law" at the preliminary hearing. (Id. at 7.) In particular, the
9 Court of Appeal observed: "The record indicates that Fox had conducted interviews, retained an
10 investigator who had met with [petitioner], spoke with [petitioner] on numerous occasions, and met
11 with the prosecutor." (Id.) The Court of Appeal also found Fox's assertion that she was unprepared
12 for trial because she had to review emails and telephone records, was, as the trial court had found,
13 "not credible." (Id.) As to the question of prejudice, the Court of Appeal noted that the victim's
14 testimony at the preliminary hearing indicated petitioner's crimes were "unprovoked, repeated, and
15 extremely violent in nature," and that, if convicted on all charges, petitioner likely would have faced
16 thirty years in prison. (Id. at 6.) The Court of Appeal additionally found that the record
17 demonstrated petitioner's decision was made "voluntarily, knowingly, and intelligently." (Id.)

18     Claims of ineffective assistance of counsel are examined under Strickland v.Washington, 466
19 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, petitioner must
20 establish two things. First, he must establish that counsel's performance was deficient, i.e., that it
21 fell below an "objective standard of reasonableness" under prevailing professional norms. Id. at
22 687-68. In that regard, there is a "strong presumption that counsel's conduct falls within the wide
23 range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance
24 must be highly deferential." Id. Second, he must establish that he was prejudiced by counsel's
25 deficient performance, i.e., that "there is a reasonable probability that, but for counsel's
26 unprofessional errors, the result of the proceeding would have been different." Id. at 694. A
27 reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
28     Where, as here, the petitioner is challenging his guilty plea, the appropriate question is

whether "(1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 57-59 (1985)). If, however, a petitioner cannot establish ineffectiveness under the first prong of the Strickland test, it is unnecessary for the court to address the prejudice prong. See Siripongs v. Calderon, 133 F.3d 732, 737 (9th Cir. 1998).

Applying these principles to the present action, the Court finds petitioner's claim is without merit. First, petitioner has not shown trial counsel's performance was deficient. As described in the state appellate opinion and as evidenced in the transcript of the preliminary hearing, Fox's advice to plead no contest was based on her familiarity with petitioner's case. (See Ans. Ex. A at 50-65, 67-82 & Ex. C.) The record reflects, for example, that Fox talked to petitioner about the benefits of pleading no contest and informed him there was a very high risk that he would lose if he chose to go to trial; Fox also stated that she did not coerce petitioner with respect to his plea, that before the trial they had talked about trial strategy, and that she had had sufficient time to discuss the case with petitioner. (Ans. Ex. B (Reporter's Transcript of Motion to Withdraw Plea, 7/26/02) at 57-59, 89, 102.) Such evidence supports the appellate court's finding that Fox's statement that she was unprepared to go to trial was not credible. Indeed, petitioner has not shown how the emails and telephone records were relevant to his defense or that Fox's alleged need to further familiarize herself with such evidence, or with any photographs or additional witnesses, detracted from the quality of Fox's representation.

Nor has petitioner shown Fox's advice fell below an objective standard of reasonableness. As the state appellate court noted, the prosecution had exceptionally strong evidence of petitioner's guilt. (See Ans. Ex. C at 6; see also id. (Reporter's Transcript of Motion to Withdraw Plea, 7/26/02) at 155 (prosecutor's description of evidence against petitioner as "overwhelming")). Moreover, the prosecution had refused to offer petitioner a plea bargain. (Id.) Given such considerations, Fox's advice to petitioner, to plead to the charges and then seek a reduced sentence by a Romero motion presented a good, and perhaps the only, opportunity for petitioner to achieve a lesser sentence.

In particular, under Romero, a sentencing court may strike a prior felony conviction

allegation "in furtherance of justice," an "amorphous concept" requiring the trial court to consider both "the rights of the defendant and the interests of society as represented by the People." See People v Romero, 13 Cal. 4th at 507, 530. The determination as to whether to strike a sentencing allegation "in furtherance of justice" is dependent on the unique combination of facts presented by each individual case. See id. at 531 (noting appropriate considerations include defendant's background, nature of present offenses, and "other individualized considerations") (internal quotation and citation omitted)). Further, because "the Legislature has provided no statutory definition of this expression," a trial court, in determining whether to strike a sentencing allegation, enjoys "broad," albeit "not absolute," discretion. See id., In light of the wide latitude afforded the trial court in ruling on a Romero motion, petitioner fails to show the Romero motion made on his behalf lacked merit. Although the motion ultimately was denied, such ruling does not necessitate a finding that Fox's advice fell below an objective standard of reasonableness.

In sum, petitioner has failed to overcome Strickland's "strong presumption" that his counsel's conduct fell within the wide range of reasonable professional assistance." See Strickland v. Washington, 466 U.S. at 689.

Moreover, even if counsel's advice to plead no contest was deficient, which it was not, petitioner has not shown he was prejudiced as a result. Specifically, petitioner has not shown there is a reasonable likelihood that he would have chosen to go to trial absent Fox's asserted lack of preparation. The prosecution had already presented, and was ready to present, exceptionally strong evidence of petitioner's guilt. Also, as the state appellate court noted, if petitioner were convicted of all charges, petitioner faced thirty years of imprisonment. Petitioner has not pointed to any defense or the existence of any evidence favorable to him that was likely to have resulted in his acquittal of any, let alone a significant number, of the charges against him. Based on such record, the Court cannot say that trial counsel's advice resulted in prejudice to petitioner.

For all of the above reasons, the Court concludes that the state appellate court's determination was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented.

Accordingly, petitioner is not entitled to habeas relief on his ineffective assistance claim.

2. The Trial Court's Denial of Trial Counsel's Motion for a Continuance

Petitioner claims that the trial court violated his constitutional rights when it denied Fox's motion for a continuance. (Am. Pet. at 6.)

Petitioner is barred from raising this claim. As noted above, petitioner pleaded no contest. Under California law, a plea of nolo contendere in a felony case is the equivalent to a plea of guilty "for all purposes."[4] A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (same); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994). After entry of a guilty plea, the only cognizable challenges in federal habeas corpus concern whether the plea was voluntary and intelligent and whether the advice of counsel was adequate. Hill v. Lockhart, 474 U.S. at 56-57; Tollett v. Henderson, 411 U.S. at 267. In the instant case, by pleading no contest, petitioner waived his objections to any alleged pre-plea constitutional violations, including any alleged violations of his rights by the trial court that occurred before he entered his plea.

Accordingly, petitioner is not entitled to habeas relief on this claim.

3. The Trial Court's Denial of Petitioner's Motion to Withdraw His Plea

Petitioner claims the trial court violated his constitutional rights when it denied his motion to withdraw his plea of no contest. (Am. Pet. at 6.)

Petitioner's claim is without merit. Under Hill, petitioner's only cognizable challenges are that his plea was not knowing and voluntary and that the advice of counsel was constitutionally inadequate. See Hill at 56-57. The latter challenge has been addressed above. As to the former, the record demonstrates that petitioner entered his plea of no contest knowingly, voluntarily, and intelligently. (Ans. Ex. B at 1-9.) Petitioner has provided no evidence to rebut this conclusion.

Accordingly, petitioner is not entitled to habeas relief on this claim.

---

[4] "[A] plea of nolo contendere shall be considered the same as a plea of guilty and [ ] upon a plea of nolo contendere, the court shall find the defendant guilty. The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." Cal. Pen. Code § 1016.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is hereby DENIED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: October 30, 2008

_____
MAXINE M. CHESNEY
United States District Judge